# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF THOMAS C. MICHAELIDES, BAR NO. 5425.

No. 70339

**FILED**

SEP 12 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas C. Michaelides.

Michaelides was retained by Elizatte Cadete in 2010 to represent her in a misdemeanor jaywalking action. Michaelides accepted a plea agreement on Cadete's behalf without first discussing the agreement with Cadete. Yet, when he first responded to the State Bar's request for information regarding this grievance, he informed the State Bar that Cadete had instructed him to accept the agreement. Thus, Michaelides has admitted to violating RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.4 (communication), and RPC 8.1(a) (bar admission and disciplinary matters).

Also in 2010, Giamal Dorman retained Michaelides to represent him in a personal injury action and Michaelides failed to pay a $500 bond in the action until months after Dorman provided him with the

money, resulting in the defendant moving to dismiss the action. Additionally, one month after Dorman provided Michaelides with the $500, Michaelides' trust account was overdrawn, even though Michaelides had yet to pay the bond. In investigating Dorman's grievance, the State Bar found four more instances where funds were deposited into Michaelides' trust account on behalf of a client and then those funds disappeared despite the fact they were not paid to the client or on behalf of the client until much later. Thus, the State Bar found that Michaelides used his trust account as a personal/operating account. Michaelides has admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 3.2 (expediting litigation).

While representing Joseph Iacuzzo in 2011, Michaelides failed to file a court-ordered pretrial memorandum, which meant Iacuzzo was precluded from presenting witnesses or exhibits at the bench trial and summary judgment was entered against him. Thus, Michaelides has admitted to violating RPC 1.3 (diligence), RPC 3.2 (expediting litigation), and RPC 3.4 (fairness to opposing party and counsel).

Finally, during his representation of Lenard Schwartzer in 2012, Michaelides failed to appear for several hearings. As such, Michaelides was fined $500, which he did not timely pay, and Schwartzer's answer was stricken. Michaelides has admitted to violating RPC 1.3 (diligence), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.1(a) (bar admission and disciplinary matters).

The aggravating factors present here include Michaelides' prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law. SCR 102.5(1). The

mitigating factors present include character or reputation, interim steps of rehabilitation, and remorse. SCR 102.5(2). The hearing panel entered an order recommending approval of the conditional guilty plea agreement under which Michaelides would be suspended for 90 days. Additionally, he would be required to pay the costs of the bar proceedings, excluding Bar Counsel and staff salaries, within 180 days of receipt of a billing from the State Bar; pay a $5,000 fine to the State Bar; and take a minimum of 6 CLE classes in the areas of ethics and law practice management.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, the aggravating and mitigating circumstances, and the requirement that Michaelides take 6 CLE classes in the areas of ethics and law practice management, we conclude that the 90-day suspension is sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). We also note that a substantial amount of time has passed since the underlying bar complaint was filed, no new bar complaint has been filed against Michaelides, and the State Bar has asserted that as a result of the passage of time, "an extremely difficult situation [is present] in terms of presenting witnesses at a formal hearing."

We hereby impose a 90-day suspension. Michaelides shall pay the costs of the bar proceedings, excluding Bar Counsel and staff salaries, within 180 days of receipt of a billing from the State Bar and pay a $5,000 fine to the State Bar. He shall also complete 6 CLE classes in the areas of ethics and law practice management and provide proof of completion of

those classes to the State Bar. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Gibbons

cc:    Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, United States Supreme Court

---

[1]The Honorables Michael Cherry and Kristina Pickering, Justices, voluntarily recused themselves from participation in the decision of this matter. The Honorable Nancy M. Saitta, having retired, did not participate in the decision of this matter.